UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00116 |
| Plaintiff, | : | OPINION & ORDER |
| vs. | : | |
| DAVID BUTTS, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 24, 2020, the Court held a competency hearing for Defendant David Butts.[1] For the following reasons, the Court finds Defendant Butts competent to stand trial.

I. Background

On February 12, 2020, Defendant Butts was indicted for drug and gun-related crimes.[2]

On March 4, 2020, Defendant Butts's counsel moved the Court for a judicial determination of Butts' competency to stand trial under 18 U.S.C. § 4241.[3]

On March 5, 2020, this Court granted the motion and referred Butts to the Bureau of Prisons for a psychological evaluation and report.[4] In April 2020, Dr. Kristen Schramm, a forensic psychologist, evaluated Butts and gave the opinion that Butts was competent to

---

[1] Doc. 15.
[2] Doc. 1. One Count for Possession with Intent to Distribute and Manufacture Controlled Substances in violation 21 U.S.C. §§ 841(a)(1), (b)(1)(B); one Count for Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2); and one Count for the Possession of Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(B)(ii).
[3] Doc 13.
[4] Doc. 15.

Case No. 1:20-cr-00116Gwin, J.

stand trial.[5]

On June 11, 2020, this Court received Dr. Schramm's report regarding Butts's competency. On June 24, 2020, this Court held a competency hearing.[6]

## II. Discussion

In Butts's Counsel competency motion, Counsel questioned Butts' competency and represented that Butts was unable to participate in conversation regarding his case and displayed hysteria.[7] In addition, Butts indicates he had a history of mental health issues.[8]

"[T]he Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial."[9] A court must grant a motion for a competency hearing under 18 U.S.C § 4241 "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."[10] Prior to the hearing, a court may order a psychological or psychiatric examination the results of which must be sent to the court.[11]

Following the hearing, a court must determine, by a preponderance of the evidence, if a defendant is competent to stand trial.[12] A criminal defendant is incompetent if he lacks either a "sufficient present ability to consult with his lawyer with a reasonable degree of

---

[5] Kristen M. Schramm, *Forensic Psychological Report* 11 (June 8, 2020). The examination was an ongoing examination lasting from April 1, 2020 until May 15, 2020. *Id.* at 1.
[6] Doc. 24.
[7] *Id.* at 2.
[8] *Id.*
[9] *Medina v. Cal.*, 505 U.S. 437, 439 (1992) (citations omitted).
[10] 18 U.S.C. § 4241(a).
[11] 18 U.S.C. § 4241(b).
[12] 18 U.S.C. § 4241(d)

Case No. 1:20-cr-00116
Gwin, J.

rational understanding" or "a rational as well as factual understanding of the proceedings against him."[13]

To determine competence, courts consider the defendant's demeanor, any prior medical opinion regarding competency, and evidence of irrational behavior.[14]

Here, the preponderance of the evidence reflects that Defendant Butts is competent. While incarcerated, Butts sent and received emails.[15] He also made more than 80 phone calls.[16] According to Dr. Schramm's report, Butts spoke in a "conversational tone" with "well organized thoughts."[17] Butts also showed an appreciation of his charges and the legal proceedings without memory difficulties.[18] And to make these calls, Butts occasionally impersonated other inmates to use their phone accounts.[19]

In addition, Dr. Schramm opined that Butts is competent.[20] She noted that Butts's answers on a psychological test were varied and exaggerated, suggesting that he may be purposefully trying to evade or delay legal proceedings.[21]

Although Mr. Butts appears to suffer from anxiety and mental health concerns, both his actions while incarcerated and Dr. Schramm's medical opinion support a finding that Butts understands his legal proceedings and can work with his attorney.[22]

## Conclusion

---

[13] *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)).
[14] *Id.*
[15] Schramm, *supra*, at 5.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.* at 11.
[21] *Id.* at 10-11.
[22] *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) ("It does not follow that because a person is mentally ill he is not competent to stand trial.").

Case No. 1:20-cr-00116Gwin, J.

For the foregoing reasons, the Court finds Defendant Butts competent to stand trial.[23]

IT IS SO ORDERED.

Dated: August 19, 2019          *s/ James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[23] *See* Doc. 36.