UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:20-cr-116 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 36, 37, & 38] |
| DAVID BUTTS, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant David Butts moves to suppress the controlled substances and firearms recovered when Cleveland Police searched his residence after receiving a Cuyahoga County search warrant.[1] For the reasons presented below, the Court **DENIES** Butts's suppression motion.

## I. BACKGROUND

On October 25, 2019, Cuyahoga County Judge Peter Corrigan issued a search warrant for Defendant Butts's Cleveland residence. In approving the search warrant, Judge Corrigan relied upon an affidavit submitted by Cleveland Vice Detective Eric Shelton.[2]

The affidavit said that on or about September 11, 2019, Cleveland Police received an informant tip claiming that Defendant Butts was using a pill press and Drug Mart brand pain medication to manufacture Fentanyl tablets.[3] Detective Shelton's affidavit, however, did not describe any prior informant relationship or special informant knowledge to substantiate the tip.

---

[1] Doc. 1.
[2] Doc. 36-1 at 1–2.
[3] *Id.* at 5.

Case No. 1:20-cr-116
Gwin, J.

But Shelton's affidavit also described Cleveland Police's tip-corroborating work. First, police discovered that Defendant Butts had prior drug trafficking and possession convictions.[4] Police also repeatedly searched the trash Butts left on the curb.[5]

On September 11, 2019, a police trash pull revealed mail supporting that Butts lived at the house. The September 11, 2019 trash pull also included plastic bags consistent with drug activity.[6] On October 2, 2019, another trash pull recovered a small plastic bag containing trace Methamphetamine.[7]

On October 16, 2019, another police trash pull recovered an empty Drug Mart vial of pain medication and a gallon-size vacuum seal bag typical of bulk marijuana packaging.[8] Finally, in an October 23, 2019 trash pull, police recovered additional plastic bags suggesting drug activity, along with another open vial of Drug Mart pain medication, including several broken tablets, suggesting the tablets were being used as a drug cutting or mixing agent.[9]

During this time, police surveilled Butts home and witnessed heavy visitor traffic coming and going from his residence.[10] The visitors stayed less than five minutes, further indicating drug sales.[11]

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.* at 5–6.
[8] *Id.* at 6.
[9] *Id.*
[10] *Id.*
[11] *Id.*

Case No. 1:20-cr-116
Gwin, J.

Compiling this information in a Cuyahoga Court of Common Pleas affidavit, Detective Shelton stated that based on his seven years' law enforcement experience, the investigation evidence suggested that Defendant Butts was trafficking drugs.[12]

On October 25, 2019, based on the contents of Shelton's affidavit, Cuyahoga County Judge Corrigan approved a search warrant for Butts's residence.[13]

On October 29, 2019, Cleveland Police executed the search warrant.  Inside Defendant Butts's residence, police found Butts, a convicted felon, in possession of an American Tactical .223 caliber rifle and a Springfield Armory 9-millimeter handgun and ammunition.[14]  Police also discovered a pill press containing Fentanyl residue, along with multiple grams of Fentanyl, Fentanyl analogues, and Tramadol, ingredients for Fentanyl tablets.[15]

On February 12, 2020, Defendant Butts was federally indicted[16] for Possession with Intent to Distribute and Manufacture Controlled Substances,[17] Felon in Possession of a Firearm and Ammunition,[18] and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.[19]

On November 24, 2020, Defendant Butts moved to suppress the firearms and controlled substances recovered during the Cleveland Police search, arguing that the information contained in Detective Shelton's Cuyahoga County search warrant affidavit was

---

[12] *Id.* at 3.
[13] *Id.* at 1–2.
[14] Doc. 37 at 2–3.
[15] *Id.*
[16] Doc. 1.
[17] In violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B).
[18] In violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).
[19] In violation of 18 U.S.C. § 924(c)(1)(B)(ii).

Case No. 1:20-cr-116
Gwin, J.

insufficient to establish probable cause.[20]    The government opposes the suppression

motion,[21] and Butts replies.[22]

The Court now turns to Butts's suppression motion.

## II.    LEGAL STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures."[23]  To that

end, law enforcement generally must obtain a warrant before searching or seizing a

defendant's person or property.[24]  The Fourth Amendment similarly governs courts' ability

to issue such warrants, providing that none "shall issue, but upon probable cause, supported

by Oath or affirmation."[25]

Law enforcement meet the probable cause standard where they establish "a fair

probability—not an absolute certainty—that evidence of a crime will be found" in the place

searched.[26]  And where, as here, a state judge issues a warrant based on a law enforcement

affidavit, this Court affords that conclusion "great deference."[27]  This Court examines only

the affidavit's contents in reviewing a state judge's probable cause finding, considering the

totality of the affidavit-described circumstances.[28]

---

[20] Doc. 36.
[21] Doc. 37.
[22] Doc. 38.
[23] U.S. Const. amend IV.
[24] *Kentucky v. King*, 563 U.S. 452, 459 (2011).
[25] U.S. Const. amend IV.
[26] *United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).
[27] *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003).
[28] *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000).

Case No. 1:20-cr-116
Gwin, J.

When an affidavit depends on an informant's tip, the Court also examines the informant's reliability.[29]  An informant may be found reliable based either on (1) the informant's reliable track record, or (2) law enforcement's tip-corroborating efforts.[30]  Crucially, law enforcement need not corroborate every aspect of the informant's tip.  Rather, they must corroborate only enough to show the informant's "access to reliable information about [the defendant's] illegal activities."[31]

Further, this Court will not suppress evidence merely because it disagrees with a state judge's probable cause finding.[32]  Rather, evidence obtained by law enforcement in reasonable reliance on a judicial search warrant remains admissible.[33]

## III.    DISCUSSION

Here, Detective Shelton's affidavit established probable cause.  Shelton's affidavit relayed the informant's statement that Defendant Butts was manufacturing Fentanyl tablets using Drug Mart brand pain medication.  Though Shelton's affidavit did not describe the informant's track record, the investigating officers, as detailed in the affidavit, verified the informant's reliability through their corroborative police work.

A background check revealed that Defendant Butts had prior drug trafficking and possession convictions.  A law enforcement trash pull showed that Butts was using considerable amounts of the very brand of pain medication that the informant said Butts was using to manufacture Fentanyl tablets.  Another trash pull uncovered still more pain

---

[29] *Martin*, 526 F.3d at 936.
[30] *Id.* at 936–37.
[31] *Navarette v. California*, 572 U.S. 393, 398 (2014) (citing *Alabama v. White*, 496 U.S. 325, 332(1990)).
[32] *United States v. Leon*, 468 U.S. 897, 922 (1984).
[33] *Id.*

Case No. 1:20-cr-116
Gwin, J.

medication, including several broken pills suggesting mixing and cutting of Fentanyl consistent with pill manufacturing. And a third trash pull revealed a plastic bag containing a trace amount of Methamphetamine. The investigation also consistently uncovered high plastic sandwich bag usage and high visitor traffic at Butts's residence, both consistent with drug trafficking.

Defendant Butts's argument that each of these pieces of evidence have potentially innocent explanations misses the mark. The Cuyahoga County judge's probable cause finding required only "a fair probability—not an absolute certainty—that evidence of a crime [would] be found" in Butts's residence.[34] Here, the totality of the circumstances, including the informant's tip, Cleveland Police's corroborative work, and Butts's criminal record established probable cause.

But even if this evidence fell short of probable cause, Butts cannot show that Cleveland Police unreasonably relied on the Cuyahoga County search warrant. Here, a contrary probable cause finding is debatable at best. Because "[t]his is not a case in which the affidavit contained . . . evidence which the law of the station house shop would recognize as clearly insufficient," suppression of the search warrant evidence is inappropriate.[35]

## IV. CONCLUSION

For the stated reasons, the Court **DENIES** Defendant Butts's suppression motion.

IT IS SO ORDERED

Dated: December 10, 2020                    s/      *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[34] *Martin*, 526 F.3d at 936.
[35] *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004) (en banc) (quoting *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993)).